AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Oregon
Portland Division

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>14856 Southeast Spanish Bay Drive, Happy Valley,<br>Oregon, as further described in Attachment A | )<br>)<br>)   Case No.<br>)<br>)   **'19 -MC- 881**<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____Oregon_____
*(identify the person or describe the property to be searched and give its location)*:

14856 Southeast Spanish Bay Drive, Happy Valley, Oregon, as further described in Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

The information and items set forth in Attachment B hereto.

**YOU ARE COMMANDED** to execute this warrant on or before _____November 4, 2019_____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.     ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Jolie A. Russo, U.S. Magistrate Judge, via Clerk_____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*     ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   10/21/2019                             _____/s/ Jolie A. Russo_____
                                                                                      *Judge's signature*

City and state:     Portland, Oregon                         Jolie A. Russo, United States Magistrate Judge
                                                                                      *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

### Certification

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

### (Target Residence to Be Searched)

The property to be searched is 14856 Southeast Spanish Bay Drive, Happy Valley, Oregon, further described as a single family house with brick and gray siding. This residence has a gray single and a gray double garage door facing the street and a wooden front door. The numbers 14856 are in rock above the archway in front of the door.

## ATTACHMENT B

### Items to Be Seized

The items to be searched for, seized, and examined, are those items on the premises located at 14856 Southeast Spanish Bay Drive, Happy Valley, Oregon (the **Target Residence**), referenced in Attachment A, that contain evidence, contraband, fruits, and instrumentalities of violations of *Conspiracy to Commit Money Laundering*, in violation of 18 U.S.C. §§ 1956, 1957 and 1956(h); *Money Laundering*, in violation of 18 U.S.C. § 1956; and *Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity*, in violation of 18 U.S.C. § 1957. The items to be seized cover the period of February 1, 2016 through the date of the execution of the search warrant.

1. **The items referenced to be searched for, seized, and examined are as follows**:

    a. Controlled substances, including but not limited to fentanyl and its analogues (powder and/or pressed into pills);

    b. Firearms and other dangerous weapons and ammunition;

    c. Financial profits, proceeds and instrumentalities of money laundering, and financial profits and proceeds of trafficking in narcotics, including U.S. Currency and other items of value;

    d. Books, records, receipts, notes, ledgers, and other documents relating to money laundering, the manufacture and distribution of controlled substances, communications between members of the conspiracy, and evidence of the use of apparently legitimate businesses to disguise profits;

    e. Personal books and papers reflecting names, addresses, telephone

numbers, and other contact or identification data relating to money laundering;

      f.    Financial records relating to money laundering, proceeds of controlled substances, and expenditures of money and wealth, to wit: money orders, wire transfer records, cashier's checks and receipts, account records, passbooks, tax records and related tax preparation files including schedules, safe deposit box keys and records, checkbooks, check registers, cancelled checks, deposit slips, loan documents, credit card records, receipts and records related to gambling wins and losses, or any other contest winnings, receipts for items of value, documents relating to purchase of vehicles including RVs, vehicle and title documents, insurance documents for real property and other items of value such as vehicles, profit and loss statements, accounting work papers, income and expense ledgers, negotiable instruments, stored value/prepaid cards, receipts for the purchases and expenditures made on stored value/prepaid cards, records showing employment or lack of employment, money bands for currency, money counters, and jewelry, watches, precious metals and gems such as gold, silver, diamonds, etc;

      g.    Real property records including papers, documents, information, or other records, such as real estate purchase and sale agreements, HUD-1 statements, loan applications, and supporting documents, financial statements, security agreements, loan commitments sheets, earnest money agreements, credit reports, loan payment ledgers, quit claim deeds, excise tax affidavits, warranty deeds and deeds of trust, internal application forms or other notes relating to information necessary to fill out these documents, and similar records of other property owned or rented;

      h.    Evidence of personal property ownership including registration information, ownership documents, purchase documents, or other evidence of ownership of

property including, but not limited to vehicles, vessels, boats, airplanes, jet skis, all-terrain vehicles, RVs, personal property, and timeshare ownership, and any other evidence of unexplained wealth;

    i.    Items of personal property that tend to identify the person(s) in residence, occupancy, control, or ownership of the premises, including but not limited to canceled mail, deeds, leases, rental agreements, photographs and videos, personal telephone books, diaries, utility and telephone bills, statements, identification documents, and keys;

    j.    Documents indicating travel in interstate and foreign commerce, to include airline tickets, notes and travel itineraries; airline schedules; bills; charge card receipts; hotel, motel, and car rental statements; correspondence with travel agencies and other travel related businesses; airline, rent a car, and hotel frequent flier or user cards and statements; passports and visas; telephone bills; photographs of foreign locations; and papers relating to domestic and international travel;

    k.    Safes and locked storage containers, and the contents thereof, which are otherwise described in this document;

    l.    Evidence of storage unit rental or access, including rental and payment records, keys and codes, pamphlets, contracts, contact information, directions, passwords or other documents relating to storage units;

    m.    Documents, records or information relating to the purchase, sale, tracking, delivery or distribution of postage or express mail consignment;

    n.    Documents, records or information relating to the transfer, purchase, sale or disposition of cryptocurrency;

n.  Documents, records, or information relating to email accounts used in furtherance of these offenses;

o.  Documentation, operating logs and reference manuals regarding the operation of the digital device or other electronic storage media or software;

p.  Physical keys, encryption devices, dongles and similar physical items that are necessary to gain access to the computer equipment, storage devices or data;

q.  Passwords, password files, test keys, encryption codes or other information necessary to access the computer equipment, storage devices or data;

r.  Records or other items which are evidence of ownership or use of computer equipment found in the Target Residence, including, but not limited to, sales receipts, bills for internet access, handwritten notes and handwritten notes in computer manuals.

s.  Cryptocurrency in any format, including but not limited to, wallets (hardware, digital and paper), public keys (addresses), private keys, and recovery seeds;

t.  Latent prints and identifying material from items at the Target Residence.

2.  **The items to be searched for, seized and <u>secured</u> are:**

a.  Cellular telephones, tablets, iPads, and computers and other digital and electronic devices capable of storing data that constitutes evidence or the instrumentality of money laundering and narcotics trafficking.

**AGENTS ARE AUTHORIZED TO SEARCH FOR, SEIZE, AND SECURE, BUT NOT ANALYZE, DIGITAL DEVICES, INCLUDING CELL PHONES, TABLETS, IPADS, COMPUTERS AND ELECTRONIC STORAGE MEDIA AS DEFINED HEREIN. ANY SEARCH OR ANALYSIS OF SAID ITEMS MUST BE CONDUCTED PURSUANT TO A**

SEPARATE SEARCH WARRANT OBTAINED FROM THE WESTERN DISTRICT OF WASHINGTON.

3.  During the execution of the search of the Target Residence described in Attachment A, law enforcement personnel are authorized to press the fingers, including thumbs, of ANDREW TONG, found at the Target Residence to the Touch ID sensor of the Apple brand devices, such as an iPhone or iPad, found at the Target Residence for the purpose of attempting to unlock the device via Touch ID as authorized by this warrant. Law enforcement are authorized to take steps to secure the unlocked Apple brand devices, including by changing the passwords of said devices.

4.  As used in this attachment, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form. The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware. The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, DVDs, flash drives, USBs, thumb drives, and other magnetic or optical media.